**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIMBERLY TEAL,

     Plaintiff,                        CIVIL ACTION NO.10-13154

     v.                         DISTRICT JUDGE PAUL D. BORMAN

                                 MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>:  Defendant's Motion for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings to include supplemental vocational expert testimony in order determine whether alternative jobs existed during the relevant period in the national economy that claimant could have performed, given claimant's non-exertional limitations.

\*   \*   \*

       Plaintiff filed an application for Social Security disability insurance benefits on January 18, 2007, alleging that she had become disabled and unable to work on October 30, 2006, at age 43, due to osteoarthritis, bilateral knee pain, degenerative disc disease and mental depression. Benefits were denied by the Social Security Administration.  A requested <u>de novo</u> hearing was held on September 17, 2009, before Administrative Law Judge (ALJ) William M. Manico.  The ALJ found that the claimant retained the residual functional capacity to perform a limited range of

sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Plaintiff has filed a Motion to Remand the case for further proceedings to include supplemental vocational expert testimony in order determine whether alternative jobs existed during the relevant period in the national economy that she could have performed, given her non-exertional limitations.   Defendant opposes the remand, and moves for summary  judgment.   The issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

The claimant was 46 years old at the time of the administrative hearing.  She had been graduated from high school, and had been employed as a care giver for an assisted living facility during the relevant past.  Claimant had also worked as a child care worker and laboratory assistant (TR 184, 193). As a care giver, she stood for most of the workday.  She had to frequently bend down and reach over her head.  She was required to lift upwards of 50 pounds on a regular basis (TR 187-188). Claimant stopped working in October 2006, due to osteoarthritis, bilateral knee pain and mental depression (TR 146, 183).  Plaintiff claimed that she was completely disabled as a result of severe pain and an  inability to concentrate (TR 47, 57).

A Vocational Expert, Pauline McEachin, testified that there were numerous sedentary jobs providing a sit-stand option  that Plaintiff could still perform.  These jobs required only occasional balancing, stooping or climbing of stairs (TR 64).  The claimant would not have to operate foot pedals, or perform any crouching kneeling or crawling.  The low-stress jobs identified by the Vocational Expert had only incidental contact with the public (TR 67).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of osteoarthritis, obesity, fibromyalgia and mental depression, but that these conditions were not severe enough to either meet or equal the Listing of Impairments. The ALJ recognized that the claimant's mental impairment moderately impaired her ability to concentrate and properly pace herself. As a result of this non-exertional limitation, the ALJ restricted her to sedentary, low-stress jobs identified by the Vocational Expert that had only incidental contact with the public.

Plaintiff argued, through counsel, that the Law Judge erred by failing to incorporate into his hypothetical question to the Vocational Expert his finding that she had a moderate impairment in concentration, persistence or pace. As a result, Plaintiff requested that the instant case be remanded for further proceedings, to include additional vocational expert testimony as to whether alternative jobs existed in the national economy, given her mental limitations. Defendant opposed a remand for additional Vocational Expert testimony, claiming that the Plaintiff's concentration deficiencies would not prevent her from performing low stress, sedentary work activity.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court also does not try the case de novo, or resolve conflicts in

the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[1] for additional fact finding.

---

[1]**Sentence four of 42 U.S.C. 405(g) states:**
**The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.**

4

DISCUSSION AND ANALYSIS

The undersigned is persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of performing a restricted range of sedentary work.  Furthermore, the Law Judge's hypothetical question to the Vocational Expert failed to accurately portray the claimant's mental limitations.  As a result, the ALJ failed to sustain his burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the national economy since the alleged onset date of disability.

A hypothetical question posed by an ALJ to a vocational expert must accurately portray the claimant's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).  If a claimant is found to have moderate limitations in the ability to concentrate, persist or keep pace, these limitations must be incorporated into the hypothetical question to the Vocational Expert.  Edwards v. Barnhart, 383 F.Supp 2d 920, 930-931 (E.D. Mich 2005). Limitations in concentration, persistence  or pace, reasoned the Edwards court, usually results in an inability to meet quotas, stay alert or work at a consistent rate of speed. Edwards, 383 F. Supp. 2d at 930.  Since each of the jobs identified by the vocational expert in Edwards required a degree of sustained concentration, persistence or pace, the court remanded the case for additional vocational expert testimony.  The court remanded because it had no way of knowing how many jobs are available for a person with such difficulties.  Id. at 931.  The Sixth Circuit subsequently affirmed the need for a remand in all cases where the claimant was found to have moderate limitations in concentration, persistence or pace, but the ALJ failed to incorporate the restriction into the hypothetical to the vocational expert.  Ealy v. Commissioner, 594 F.3d 504, 516 (6th Cir. 2010) (hypothetical limiting claimant to "jobs entailing no more than simple, routine,

unskilled work" not adequate to convey moderate limitation in ability to concentrate, persist and keep pace).

In the instant case, the parties do not dispute that the ALJ found that the claimant was moderately limited "with regard to concentration, persistence or pace." (TR 13).   Defendant concedes that the ALJ then failed to incorporate this mental restriction into his hypothetical question to the vocational expert (See page 12 of Defendant's Motion for Summary Judgment at Docket #15). Nevertheless, Defendant opposes a remand arguing that limitations in concentration, persistence, or pace do not always impair a worker's ability to complete a job (Defendant's Motion for Summary Judgment at page 10).   This argument, however, ignores the fact that both jobs identified by the vocational expert (visual inspector and surveillance system monitor) require a high degree of sustained concentration[2] (TR 65-67).

Defendant further maintains that requiring concentration, speed and pace-based restrictions to be included in all hypothetical questions, whenever a moderate degree of difficulty has been found, would be a rigid treatment of deficits, and be at odds with the need to make individual assessments (Defendant's Motion for Summary Judgment at page 10). Contrary to Defendant's assertion, the Law Judge did, in fact, make an individualized assessment of claimant's functional loss in four disparate areas resulting from her mental impairment: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation (TR 13). The individualized determination of Plaintiff's moderate limitation in concentration, persistence and pace cannot not be ignored when assessing her residual functional capacity.   As mandated by

---

[2]In **Edwards v. Barnhart,** the court pointed out that moderate limitations in concentration, persistence or pace would make working as a surveillance monitor problematic, given the need to stay alert and remain on task for long periods of time.   385 F. Supp. 2d at 931.

<u>Edwards</u> and <u>Early</u>, *supra,* this mental limitation should have been incorporated into the hypothetical question posed to the vocational expert.[3]

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner.  42 U.S.C. § 405(g) (1982).  This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim.  See <u>Carroll v. Califano</u>, 619 F.2d 1157, 1162 (6th Cir. 1980).  Accordingly,  the instant case should be remanded to the Commissioner for further proceedings to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy since her alleged onset date of disability.  A remand will also give the ALJ an opportunity to consider the updated medical evidence submitted by Plaintiff to the Appeals Council and this Court (TR 735-737).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections

---

[3]**Furthermore, the ALJ's inclusion of a restriction that claimant perform only "low stress" jobs does not remedy the problem. See <u>Whack v. Astrue</u>, 2008 WL 509210 (E.D. Pa 2008)(unpublished) citing cases for the proposition that hypothetical restrictions of "simple" or "low-stress" work do not sufficiently incorporate the claimant's medically established limitations where claimant has moderate deficiencies in concentration, persistence or pace.**

a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 12, 2011                          s/ Mona K. Majzoub                          
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 12, 2011                          s/ Lisa C. Bartlett                    
                                              Case Manager

8