UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY TEAL,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 10-13154

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

OPINION AND ORDER
(1) OVERRULING Defendant's Objections to the Magistrate Judge's Report and Recommendation (DKT. NO. 18),
(2) ADOPTING the Report and Recommendation (DKT. NO. 17),
(3) DENYING Defendant's Motion for Summary Judgment (DKT. NO. 15);
(4) GRANTING IN PART Plaintiff's Motion for a Remand (DKT. NO. 12) AND
(5) REMANDING TO THE COMMISSIONER FOR A LIMITED PURPOSE: TO SUPPLEMENT VOCATIONAL EXPERT TESTIMONY AS TO WHETHER ALTERNATIVE JOBS EXISTED DURING THE RELEVANT PERIOD IN THE NATIONAL ECONOMY THAT CLAIMANT COULD HAVE PERFORMED, GIVEN HER NON-EXERTIONAL LIMITATIONS:
SPECIFICALLY THE ADMINISTRATIVE LAW JUDGE IS ORDERED TO INCORPORATE INTO HIS HYPOTHETICAL QUESTION FOR THE VOCATIONAL EXPERT HIS FINDING THAT PLAINTIFF HAD A MODERATE IMPAIRMENT IN CONCENTRATION, PERSISTENCE OR PACE, AS REQUIRED UNDER
*EALY V. COMM'R OF SOC. SEC.*, 594 F.3D 504 (6TH CIR. 2010)

    This matter is before the Court on Defendant's Objections to Magistrate Judge Mona K. Majzoub's July 12, 2011 Report and Recommendation. (Dkt. No. 18). Plaintiff filed a response to Defendant's objections. (Dkt. No. 19.) For the reasons that follow, the Court OVERRULES Defendant's objections, ADOPTS the Report and Recommendation, DENIES Defendant's motion

1

for summary judgment, GRANTS IN PART Plaintiff's motion for a remand and REMANDS the case to the Commissioner for a limited purpose: to supplement vocational expert testimony as to whether alternative jobs existed during the relevant period in the national economy that claimant could have performed, given her non-exertional limitations.  Specifically, the administrative law judge is ordered to incorporate into his hypothetical question for the vocational expert his finding that Plaintiff had a moderate impairment in concentration, persistence or pace, as required under *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

I.   **BACKGROUND**

   A.   **Procedural Background**

Plaintiff filed an application for Social Security Disability Insurance Benefits on January 18, 2007, alleging that she had been disabled and unable to work since October 30, 2006 due to osteoarthritis, bilateral knee pain, degenerative disc disease and mental depression. (Dkt. No. 10, Transcript of Social Security Proceedings (Tr.), 10.)  The Social Security Administration denied benefits initially on April 6, 2007 and on May 16, 2007, Plaintiff filed a written request for a hearing.

On September 17, 2009, Administrative Law Judge (ALJ) William M. Manico held a hearing in Falls Church, Virginia, at which the Plaintiff appeared, along with her attorney, via video conferencing from Flint, Michigan.  Pauline A. Mceachin, a vocational expert, also testified at the hearing. (Tr. 10.)  On September 25, 2009, ALJ Manico issued his decision that Plaintiff was not disabled, finding that although not capable of returning to her prior work, Plaintiff retained the residual functional capacity to perform a significant number of other jobs in the national economy. (Tr. 18.)  The Appeals Council declined Plaintiff's request to review ALJ Manico's decision. (Tr.

1-4.)

Plaintiff filed the instant claim for judicial review of the denial of benefits on August 10, 2010. (Dkt. No. 1.) On November 18, 2010, Plaintiff filed a motion for a remand (Dkt. No. 12) and on February 14, 2011, the Commissioner filed a motion for summary judgment (Dkt. No. 15.) On July 12, 2011, Magistrate Judge Majzoub issued her Report and Recommendation, denying Defendant's motion for summary judgment and remanding the matter to the Commissioner for further proceedings. The matter is now before the Court on Defendant's objections to the Magistrate Judge's ruling.

### B. The ALJ's Findings and Conclusion[1]

In determining Plaintiff's Residual Functional Capacity ("RFC"), the ALJ "assign[ed] significant weight to Dr. Deskovitz," and expressly stated that "the objective medical evidence fully supported [Dr. Deskovitz's] diagnos[is] relating to [Plaintiff's] mental . . . abilities." (Tr. 16.) In his findings, referring specifically to Dr. Deskovitz's report, the ALJ noted the following: "With regard to concentration, persistence or pace, the claimant has moderate difficulties. According to the consultative examiner [Dr. Deskovitz], claimant has moderate limitations in this domain. Claimant was unable to conduct serial 7's and has difficulty managing her money. (Exhibit 18F [Dr. Deskovitz's Report] pages 3 and 4).''[2] (Tr. 13.) The ALJ further explicitly assigned "little weight"

---

[1] Defendant objects only to the Magistrate Judge's conclusion "that the ALJ's decision was flawed because he did not adequately represent Plaintiff's mental limitations to the Vocational Expert." (Dkt. No. 18, Def.'s Objs. 2.)

[2] "Serial sevens, counting down from one hundred by sevens, is a clinical test used to test mental function . . . [o]n its own, the inability to perform 'serial sevens' is not diagnostic of any particular disorder or impairment, but is generally used as a quick and easy test of concentration and memory in any number of situations where clinicians suspect that these cognitive functions might be affected." Wikipedia, http://en.wikipedia.org/wiki/Serial_sevens. To test "[c]oncentration and attention: Ask the patient to subtract 7 from 100, then to repeat the task from that response. This is

3

to the findings of Dr. Newhouse, who had rated Plaintiff's limitations as to concentration, persistence and pace as only "mild." (Tr. 16, Tr. 393.)

In his examination of the Vocational Expert ("VE"), the ALJ included the following limitations in posing a hypothetical claimant for the VE to consider in assessing the availability of jobs for Plaintiff in the national economy:

> ALJ: All right. Assume a hypothetical claimant that has the date of birth of December 25 of 1962, has graduated high school. Assume further that the hypothetical claimant has the residual functional capacity to occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk with normal breaks for a total of at least two hours in an eight-hour work day –
>
> Sit with normal breaks for a total of about six hours in an eight-hour workday, push and/or pull unlimited other than is shown for lift and/or carry, no jobs involving the operation of foot controls. The claimant must be able to alternate sitting and standing at will. The claimant can only occasionally climb ramps and stairs; never ladders, ropes, scaffolds; never crouch; can only occasionally balance, stoop; never kneel; never crawl; avoid concentrated exposure to hazards, that is to say hazardous machinery, hazardous heights, et cetera.
>
>                 \*                \*                \*
>
> Did I put in there, must be able to alternate sitting and standing at will?
>
> VE: Yes, Judge, yes.
>
> ALJ: Okay. No rapid repetitive work with the hands. Got it?
>
> VE: Yes.
>
> ALJ: Low-stress jobs only. Okay. And jobs where contact with the public – all right, just low-stress jobs only. All right.

---

known as "serial 7s." Brannon, Guy, History and Mental Status Examination, http://emedicine.medscape.com/article/293402-overview#aw2aab6b4 . Plaintiffs response of "100, 97, 87, 80 and I don't know" would represent a score of "1," a very low score on the concentration/attention test. *See* http://attentionmmse.com/.

> \* \* \*
> If we were to add the additional restriction in the second hypothetical that she would be limited to jobs where contact with the public is incidental to the work performed, would she still be able to do surveillance system monitor in those numbers?
>
> VE: Yes, Your Honor.

Tr. 64-67.

Based on the hypothetical, the VE opined that there were 2,200 jobs available to Plaintiff in the State of Michigan for a video surveillance system monitor and 2,500 jobs available to Plaintiff in the State of Michigan for visual inspector. (Tr. 66-67.) The ALJ found the VE's testimony to be consistent with the information contained in the Dictionary of Occupational Titles and concluded:

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

Tr. 18.

Plaintiff requested a review of the ALJ's denial of benefits by the Appeals Council, which was denied. Plaintiff then filed the instant action, seeking a remand for further proceedings, in part arguing that the ALJ's hypothetical to the VE was inadequate to account for Plaintiff's medically documented moderate restrictions as to concentration, persistence and pace. Magistrate Judge Majzoub considered Defendant's motion for summary judgment and Plaintiff's motion for a remand and concluded that a remand was necessary. Defendant's now object to that portion of Magistrate Judge Majzoub's Report and Recommendation holding that the ALJ's decision was not supported by substantial evidence because the hypothetical to the VE did not accurately reflect Plaintiff's mental impairments.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to a Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id*.

This Court has jurisdiction to review the Commissioner's denial of Plaintiff's disability benefits. *See* 42 U.S.C. § 405(g). An Administrative Law Judge's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). But in reviewing that decision, the Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the Commissioner's decision is limited to an inquiry into whether his findings were supported by substantial evidence and whether he employed the proper legal standards in reaching his conclusion. *Brainard v. Sec'y of Health and Human Servs,*, 889 F.2d 679, 681 (6th Cir. 1989). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## III.   ANALYSIS

Magistrate Judge Majzoub agreed with Plaintiff that the ALJ's denial of benefits was not supported by substantial evidence, in part because the ALJ's hypothetical to the VE "failed to accurately portray the claimant's mental limitations." (Dkt. No. 17, Report and Recommendation, 5.) In concluding that a remand was necessary, Magistrate Judge Majzoub noted that the parties do not dispute in this case that the ALJ made an individualized finding that Plaintiff was "moderately limited with regard to concentration, persistence and pace." Magistrate Judge Majzoub held that a remand was necessary because this mental restriction was not adequately incorporated into the ALJ's hypothetical to the VE. (Report and Recommendation, 6.) In support of her decision to remand, the Magistrate Judge relied, in part, on the Sixth Circuit's opinion in *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010). In *Ealy*, the Sixth Circuit distinguished its earlier decision in *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001), where the court upheld an ALJ's failure to include a concentration impairment in his hypothetical, and remanded the case for further proceedings in *Ealy* because the ALJ had relied on a concentration limitation in his findings but did not include it in his hypothetical: "Here, however, [distinguishing *Smith*] the ALJ relied upon Dr. Scher's assessment, yet the ALJ did not fairly reflect that assessment in the hypothetical because the court failed to include Ealy's time and speed restrictions." *Ealy*, 594 F.3d at 517.

Similarly here, ALJ Manico expressly relied on Dr. Deskovitz's report as to Plaintiff's mental impairments, interpreting Dr. Deskovitz's findings as establishing Plaintiff's moderate limitation with regard to concentration, persistence and pace. (Tr. 13, 16.) Notwithstanding this individualized finding, and his express reliance on this finding in formulating an RFC, ALJ Manico expressed a hypothetical to the VE which limited Plaintiff only to "low-stress" sedentary unskilled

7

work with "only incidental public contact." Defendant points out several decisions in this district in which courts have concluded that findings of moderate limitations in concentration, persistence and pace do not necessarily preclude "simple, routine, unskilled work." (Dkt. No. 18, Def.'s Obj. 2.) *See e.g. Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844, 2010 WL 3905375, at *2 (E.D. Mich. Sept. 30, 2010) (noting that "[d]ecisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work.") But ALJ Manico made no mention of "simple" or "routine," and failed to give adequate amplification to the limitation of "low-stress" as it related to Plaintiff's individualized concentrational limitations, on which he expressly relied in arriving at Plaintiff's RFC.

The Court agrees with Magistrate Judge Majzoub that "low-stress," standing alone as a limitation, and even in conjunction with "only incidental public contact," does not adequately incorporate this Plaintiff's medically established moderate deficiencies in concentration, persistence and pace. (Report and Recommendation, 7 n. 3.) "The third functional area—"concentration, persistence, or pace"—refers to the claimant's ability to sustain focused attention sufficiently long to permit the timely completion of tasks found in work settings." *Seach v. Comm'r of Soc. Sec.*, No. 10-11741, 2011 WL 1792666, at *7 (E.D. Mich. April 6, 2011) (internal citation omitted). It is well accepted that "moderate" limitations in this area, under the new regulations, equates with "often." *See Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005) (noting that the term "moderate limitations" under the new regulations parallels the prior category of "often"). As noted by the court in *Green v. Comm'r of Soc. Sec.*, No. 08–11398, 2009 WL 2365557, at * 10 (E.D. Mich. July 28, 2009), "[i]t is difficult to reasonably accept 'moderate' meaning anything less than 20%–30% of the time at work. Thus, 'moderate' concentration problems ... need to be included or

8

accommodated in some suitable fashion in the hypothetical question at Step 5 of that sequence. Simply including the hypothetical of unskilled jobs with limited contact with co-workers and the public is not sufficient."). A limitation which Plaintiff experiences "often," and on which the ALJ relies in calculating Plaintiff's RFC, simply cannot be ignored in the hypothetical to the VE.

In a recent opinion discussing this precise issue, Magistrate Judge Michelson aptly observed that: "[A] hypothetical simply limiting a claimant to unskilled work may, in some instances, fail to capture a claimant's moderate limitation in concentration, persistence, or pace because the difficulty of a task does not always equate with the difficulty of staying on task." *Taylor v. Comm'r of Soc. Sec.*, 10-cv-15219, 2011 WL 2682682, at \*7 (E.D. Mich. May 17, 2011). So it is in the instant case. According to the medical examiner on whom ALJ Manico heavily relied with regard to Plaintiff's mental limitations, Plaintiff displayed on exam a gross inability to perform Serial 7's, the most appropriate test for concentration and attention, registering a very low score on that test. The Court agrees with Magistrate Judge Majzoub that a "low-stress limitation" in unskilled work does not adequately incorporate this medically observed limitation, absent further explanation by the ALJ as to why, on the facts of this case, notwithstanding the observed deficit, no such limitation was incorporated into the hypothetical. *See Hess v. Comm'r of Soc. Sec.*, No. 07-13138, 2008 WL 2478325, at \* 7 (E.D. Mich. June 16, 2008) ("Case law from this district and elsewhere suggests that the hypothetical limitations of "simple," "routine," and "low stress" may fail to account for "moderate" concentrational and pacing deficiencies, reasoning that the fact that a job is simple and routine has nothing to do with whether or to what degree a worker's moderate deficiencies in concentration will affect the timely completion of that job.") (citations omitted).

While the Court agrees with the Commissioner that limitations on concentration, persistence

9

and pace can, under certain factual scenarios, be expressed in a hypothetical to a vocational expert without necessarily invoking the terms "concentration, persistence and pace," if an ALJ makes a finding of moderate limitations in this regard, and relies on that finding in arriving at a plaintiff's RFC, that finding cannot be ignored altogether by the ALJ in formulating the hypothetical to the VE. The critical question, then, is whether the hypothetical posed to the VE, on the particular facts of any given case, adequately conveys the actual findings as to limitations on concentration, persistence and pace made by the ALJ.

The Court is mindful that several courts in this district have found that terms such as "simple, routine and unskilled," when used with regard to an appropriate set of facts, can be sufficient to communicate in a hypothetical a moderate limitation in concentration, persistence and pace. However, in the instant case, the ALJ's hypothetical did not employ those terms. Instead, the ALJ simply directed the VE to consider a claimant with the need for a "low-stress" job and one that involved only "incidental contact with the public." The ALJ did not explain why, despite his finding of moderate limitations in concentration, persistence and pace based on Dr. Deskovitz's report, and his explicit rejection of Dr. Newhouse's findings of only mild difficulties in these areas, he chose to adopt a hypothetical that simply limited Plaintiff's abilities to jobs that were "low-stress." As Magistrate Judge Majzoub observes, the fact that the ALJ failed to effectively communicate in his hypothetical to the VE any limitations as to Plaintiff's concentrational limitations is borne out by the jobs that the VE identified as available in the national economy for Plaintiff, i.e. visual inspector and surveillance system monitor, both of which, while perhaps low-stress, would seem to require a significant amount of concentrated effort. *See Edwards*, 383 F. Supp. 2d at 931 (finding that moderate limitations in concentration, persistence and pace would

make work as a security guard/monitor difficult given the necessity to stay on task and alert for extended periods of time).

The pertinent question is whether the hypothetical limitations set forth by the ALJ reflect Dr. Deskovitz's findings on which the ALJ purported to rely – that Plaintiff failed to perform her Serial 7's test - the primary test given to her to assess her concentration and attention abilities.  There is no indication on the record in this case, as there was in several of the cases relied on by Defendant, that the ALJ acknowledged his moderate limitation finding as to concentration, persistence and pace and concluded that his hypothetical adequately addressed that finding.  The ALJ simply did not address concentration or attention limitations at all in his hypothetical.

The Court agrees with Magistrate Judge Majzoub that, in this case, the ALJ's failure to include in the hypothetical *any* restrictions as to concentration, persistence or pace, even terms such as "routine," "simple," or "non-repetitive," that have been found by other courts on appropriate facts to have sufficiently communicated a deficit in these areas, rendered the hypothetical an inadequate basis on which the VE could base her opinion as to the number of jobs available in the national (or State) economy which Plaintiff could perform notwithstanding her mental limitations.  "A response to a flawed hypothetical question is not substantial evidence and cannot support a finding that work exists which Plaintiff can perform." *Edwards*, 383 F. Supp. 2d at 927.  Therefore, the ALJ's denial of benefits was not based on substantial evidence and the case must be remanded for further proceedings.

## IV.     CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant's objections to the Report and Recommendation, DENIES Defendant's Motion for Summary Judgment, GRANTS IN PART

Plaintiff's Motion for a Remand, ADOPTS the Report and Recommendation and REMANDS the matter to the Commissioner for further proceedings consistent with the directives of this Opinion and Order.[3]  Remand is limited to the following purpose: to supplement vocational expert testimony as to whether alternative jobs existed during the relevant period in the national economy that claimant could have performed, given her non-exertional limitations.  Specifically, the administrative law judge is ordered to incorporate into his hypothetical question for the vocational expert his finding that Plaintiff had a moderate impairment in concentration, persistence or pace, as required under *Ealy*.

IT IS SO ORDERED.

                                           s/Paul D. Borman
                                           PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

---

[3]  The Court declines to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the additional medical evidence that Plaintiff did not present at the hearing before ALJ Manico but presented to the Appeals Council.  Plaintiff has failed to carry her burden of establishing entitlement to a remand under sentence six with respect to this evidence.  *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("[T]he burden of showing that a remand is appropriate is on the claimant.")  The evidence consists of additional medical evidence regarding Plaintiff's physical condition which was obtained between three months and one year after the hearing before ALJ Manico.  Plaintiff has not:  (1) shown good cause for her failure to obtain this evidence at the time of the hearing before ALJ Manico; and/or (2) demonstrated the materiality of the evidence, which Plaintiff herself characterizes as subsequent evidence of deterioration of her condition, to the period of disability in question.  *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277-78 (6th Cir. 2010) (finding that  medical evidence, which was considered by the Appeals Council in its decision not to review the Commissioner's denial of benefits and which was obtained one year after the administrative hearing, "on its face, evidence[d] a subsequent deterioration in condition," and was properly deemed immaterial); *Wyatt v. Sec. of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial."); *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir.1988) ("Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition.").

Dated: September 26, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 26, 2011.

                                                                         s/Denise Goodine
                                                                         Case Manager